FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA  2006 AUG 18  AM 11: 03

AUGUSTA DIVISION

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| LAWRENCE A. HATCH, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-80 |
| ) | |
| BURKE COUNTY JAIL and C & H ) | |
| SERVICES, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Burke County Jail in Waynesboro, Georgia, filed a complaint under Title 42, United States Code, Section 1983. He is proceeding pro se and *in forma pauperis*.

The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. § 1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. For the reasons that follow, the Court recommends that plaintiff's complaint be **DISMISSED** without prejudice.

## I. BACKGROUND

In his complaint, plaintiff alleges the following:

> On or around March the 3rd through 10th, C & H Services poured chemicals into drains of cell block producing fumes which could have been hazardous, which I believe caused irritation and/or possible damage to my eyes. . . . I have been having reoccurring symptoms in both eyes . . . .

Pl. Compl. at 5. He states that he has requested to see a nurse about the condition of his eyes, but has not received a response.

## II. DISCUSSION

### A. Exhaustion

Title 42, United States Code, Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(c)(1) further provides that the Court shall dismiss any action brought under Section 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); see also Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e).

Furthermore, the Eleventh Circuit Court of Appeals has held that as a result of the

Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Section 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive the exhaustion requirement. Id. at 1325. Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002).

In this case, plaintiff has not alleged that he has exhausted his administrative remedies. Because plaintiff has not allowed Defendant Burke County Jail an adequate opportunity to address his complaint, this Section 1983 action should be dismissed as unexhausted.[1]

### B. Constitutional Injury

Plaintiff's claims may alternatively be denied because it does not appear that he has alleged an injury of constitutional magnitude. Relief under Section 1983 generally requires that a plaintiff show a physical injury or imminent threat of a physical injury; a plaintiff may not recover under Section 1983 for mental or emotional injury. 42 U.S.C. 1997e(e) ("No

---

[1] Plaintiff does state in his complaint that, to his knowledge, no grievance procedure exists at Burke County Jail. The Court, however, takes judicial notice of Tyler v. Burke County Detention Center, CV 103-95 (S.D. Ga. Aug. 22, 2003), wherein the inmate plaintiff utilized a grievance procedure at Burke County Detention Center. See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (recognizing that court can take judicial notice of its own records). The Court ultimately dismissed the complaint in Tyler because the plaintiff had failed to appeal his grievance denial.

Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see Vinyard v. Wilson, 311 F.3d 1340, 1348 n.13 (11th Cir. 2002) (listing decisions involving de minimis injury). Inasmuch as plaintiff has not alleged a significant physical injury or threat of physical injury resulting from the conditions of his confinement, the Court does not find that he has stated a viable claim for relief under Section 1983.[2]

### III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to exhaust his administrative remedies and has otherwise failed to state a ground on which Section 1983 relief may be granted. His complaint should accordingly be **DISMISSED** without prejudice,[3] and this civil action should be **CLOSED**.

SO REPORTED AND RECOMMENDED this 18th day of August, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that it does not appear that plaintiff has alleged anything more than negligence on the part of either defendant. He has not alleged the sort of reckless disregard for prisoner safety required in stating a valid Section 1983 claim. See, e.g., Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (recognizing that negligence is not constitutional violation simply because victim is prisoner).

[3] In an abundance of caution, the Court recommends dismissal without prejudice. If plaintiff can exhaust his administrative remedies and adjust his complaint such that he alleges an injury of constitutional magnitude, he may proceed in a new civil action raising substantially similar allegations.

4